**HEWITT–ROBINS INC., Plaintiff,**

v.

**Edward J. BRENNER, Commissioner of Patents, Defendant.**

**Civ. A. No. 428–65.**

United States District Court
District of Columbia.

July 12, 1966.

John L. Shortley, Stamford, Conn., Lloyd P. Shank, Washington, D. C., for plaintiff.

Joseph Schimmel, Sol., Washington, D. C., Fred W. Sherling, Washington, D. C. (of counsel), for defendant.

JACKSON, District Judge.

### FINDINGS OF FACT

1. This is a civil action brought pursuant to 35 U.S.C. § 145 seeking judgment of this Court authorizing the defendant, Commissioner of Patents, to issue a patent containing Claims 14–21 of an application, Serial No. 162,891, entitled "Storage and Reclaiming System for Bulk Material", filed December 28, 1961 by John Sesadi and Jack P. Van Kleunen with an assignment to Hewitt-Robins, Inc., plaintiff herein, and later merger assignments to Litton Industries, Inc.

2. The invention is an apparatus for stacking and reclaiming a pile of bulk material such as a metal ore, in which the stacker and reclaimer are mounted for rotation about a common central axis to stack and reclaim an annular pile of the bulk material, and the stacker is located above the reclaimer to prevent interference between the operations of the stacker and the reclaimer. The equipment and annular pile of bulk material may be enclosed in a building such as a geodesic dome.

3. Claim 14 is illustrative of the claimed invention and reads as follows:

14. Apparatus for storing and reclaiming bulk material comprising a stacker mounted for rotation about a central axis to form an annular pile of bulk material with said axis as its center, a reclaimer operable to reclaim the material from the pile formed by said stacker, said reclaimer being positioned below said stacker and being operable beneath said stacker, said reclaimer being operable in an annular path about said axis at its center and being operable to continuously reclaim material while rotating about said an-

nular path, means for delivering material to said stacker at said central axis and means for receiving material from said reclaimer at said central axis, the latter means being operable to remove the received material therefrom.

All the claims in suit stand or fall with Claim 14.

4. The Patent Office tribunals rejected all the claims as unpatentable over a U. S. patent to Hansen, No. 3,049,244, taken in combination with a U. S. patent to Dischinger, No. 3,069,027. The Hansen patent discloses an apparatus for stacking and reclaiming a circular pile of bulk material, in which the stacker and reclaimer are mounted on common circular tracks at ground level for rotation about a common central axis to stack and reclaim an annular pile of bulk material. Hansen states that there will be some interference between the operations of the stacker and the reclaimer, and further suggests that the "stacker * * * could be suitably mounted on overhead or roof structures." Dischinger shows an overhead tripper for stacking a straight pile of bulk material and a reclaimer mounted on tracks at ground level for reclaiming the pile of bulk material, and further states that a "tripper is associated with a boom stacker" in most installations where the tripper is mounted on a pair of rails alongside the pile. A U. S. patent to Meissner, No. 2,750,023, was also relied upon by the Patent Office tribunals, and Meissner discloses a boom stacker mounted on straight elevated rails and a reclaimer mounted on rails at ground level with all of the equipment and piles of bulk material enclosed in a building structure. A German patent No. 800,651 was also relied upon, and this reference discloses overhead-mounted stacking equipment and an operator's cabin enclosed in a building structure.

5. It would be obvious to a person ordinarily skilled in the stacking and reclaiming art to provide a stacker and reclaimer mounted for rotation about a common central axis in view of the disclosure of Hansen; (a) with the stacker mounted above the reclaimer in view of the teachings and suggestions of Hansen, Dischinger, and Meissner; (b) with a centrally located operator's cabin in view of the teachings of the German patent; and (c) with a building enclosure such as a geodesic dome in view of the teachings of Meissner and the German patent, considered with the common knowledge that a geodesic dome is a well-known type of building structure.

6. Plaintiff's evidence did not carry thorough conviction that the subject matter sought to be patented would have been unobvious as a whole to a person having ordinary skill in the pertinent art in view of the teachings and suggestions of the references relied upon as prior art by the Patent Office tribunals.

## CONCLUSIONS OF LAW

1. Plaintiff in a civil action under 35 U.S.C. § 145 has the burden of proving either clear error or lack of an underlying rational basis in the rejection made by the Patent Office tribunals, by clear and convincing evidence carrying thorough conviction. Harpman v. Watson, 181 F.Supp. 919 (D.C.D.C.1959).

2. Though the opinions of plaintiff's experts are in conflict with those of the Patent Office tribunals, the Patent Office findings of fact must prevail unless they are shown to be clearly erroneous or lack an underlying rational basis.

3. Plaintiff has not convincingly shown clear error or lack of a rational basis in the obviousness rejection made by the Patent Office tribunals.

4. The claimed subject matter sought to be patented by plaintiff is not patentable because the differences between that subject matter and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the stacking and reclaiming art to which said subject matter pertains. 35 U.S.C. § 103.

5. All of plaintiff's claims are unpatentable over the cited prior art.

6. Plaintiff is not entitled to a patent containing any of the claims in suit.

7. The Complaint should be dismissed.